**Eddie GARCIA; et al., Plaintiffs–Appellants,**

v.

**SANTA CLARA COUNTY; et al., Defendants–Appellees.**

No. 06–15745.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed Feb. 29, 2008.

Steve M. Defilippis, Esq., Picone & Defilippis, San Jose, CA, for Plaintiffs–Appellants.

Aryn Paige Harris, Esq. Fax, Stephen H. Schmid Fax, Santa Clara County Counsel's Office, San Jose, CA, for Defendants–Appellees.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM *

The Estate of Fernando Garcia and several of his survivors appeal from the district court's order granting summary judgment in favor of Deputy Sheriff Seth Dawson and Santa Clara County. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Appellants assert that Dawson unreasonably used deadly force against Fernando Garcia in violation of the Fourth Amendment, and that the district court therefore erred in its determination that Dawson was entitled to qualified immunity because the officer reasonably believed Garcia was armed and intent on harming him. We consider first whether there are genuine issues of material fact regarding the reasonableness of Dawson's conduct. *See Saucier v. Katz,* 533 U.S. 194, 201, 204–05, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

There is no genuine dispute that Garcia was in possession of a semiautomatic handgun; Dawson's testimony that Garcia was armed was corroborated by his criminal partner, Solorzano, and Appellants' imaginative suggestion that the gun found next to Garcia at the scene of the shooting was planted by the officers is unsupported by any evidence. There *does,* however, appear to be a genuine factual dispute regarding Garcia's position relative to the officer when he was shot. On this appeal from summary judgment we take as true the plaintiffs' version of events. *See Blanford v. Sacramento County,* 406 F.3d 1110, 1112 fn. 2 (9th Cir.2005).

Nonetheless, we hold that Officer Dawson's conduct did not violate the Fourth Amendment. Even if Garcia were running directly away from Dawson when the bul-

let struck, uncontradicted facts in the record demonstrate that Dawson had "probable cause to believe that [Garcia] pose[d] a significant threat of death or serious physical injury," rendering Dawson's use of deadly force constitutionally reasonable. *Tennessee v. Garner,* 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). Garcia had already disregarded Dawson's initial order to put his hands in the air, and his subsequent order to stop. Garcia instead took off running towards the back fence of the property, with Dawson in foot pursuit. As Garcia approached the fence he stumbled, and a gun fell out of his waistband. Garcia, trapped between the officer and the fence, was *again* ordered to stop; instead he picked up the gun as he regained his balance, and it was reasonable for Dawson to believe that he faced an imminent risk of death or serious physical injury from the cornered suspect. Indeed, it was reasonable for Dawson to conclude that Garcia had picked up the gun to facilitate his escape. Maybe Garcia reacquired the gun for some benign purpose as he approached the dead end, but Dawson "need not have taken that chance and hoped for the best." *Scott v. Harris,* —— U.S. ——, 127 S.Ct. 1769, 1778, 167 L.Ed.2d 686 (2007).

We are cognizant that Dawson is the only direct source of evidence that Garcia dropped the gun when he tripped, and then retrieved it as he regained his balance. Such a circumstance presents the need to "ensure that the officer is not taking advantage of the fact the witness most likely to contradict his story—the person shot dead—is unable to testify." *Scott v. Henrich,* 39 F.3d 912, 915 (9th Cir.1994). A searching review of the record reveals that aside from the question of

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

whether Garcia was turning back towards the pursuing officer in an attempt to point his weapon at Dawson at the moment the Deputy fired, Dawson's account is not only uncontradicted but is corroborated in important respects. Solorzano testified that Garcia was armed when the two arrived at the property where the shooting took place, and that they had gone there to collect a drug debt. Solorzano also confirmed that Garcia was running with his gun out while being chased by Dawson. Deputy Cisneros likewise confirmed that Garcia was running towards the rear fence and that Garcia stumbled; although Cisneros did not see Garcia's gun during the chase, he did see it immediately after the shooting when Cisneros approached to check Garcia's vital signs. Toxicology testing showed that Garcia was acutely intoxicated with methamphetamine at the time of his death, providing circumstantial corroboration of Dawson's account of Garcia's behavior leading up to the shooting. Thus, we have not "simply accept[ed] what may be a self-serving account by the police officer" in concluding that Dawson's use of deadly force was objectively reasonable under the Fourth Amendment. *Id.* at 915.

Because Dawson's conduct satisfied the deadly force requirements of the Fourth Amendment, the district court properly concluded that he is entitled to qualified immunity, and Santa Clara County bears no municipal liability for Garcia's death. *See Long v. City and County of Honolulu,* 511 F.3d 901, 907 (9th Cir.2007).

Appellants' state law claims are likewise precluded: under California law, police officers are not subject to civil liability for the use of lethal force where "the circumstances reasonably created a fear of death or serious bodily harm to the officer or to another." *Martinez v. County of Los Angeles,* 47 Cal.App.4th 334, 349, 54 Cal. Rptr.2d 772 (1996). The state law claims of the Estate of Fernando Garcia would be barred regardless of the reasonableness of Dawson's conduct because the Estate failed to comply with Cal. Gov.Code §§ 911.2 and 945.6, as the district court correctly held.

Finally, because the uncontradicted evidence in the record indicates that Garcia would not have been saved by immediate medical attention, Appellants cannot demonstrate that Garcia's constitutional rights were violated by the length of time that elapsed between the shooting and Garcia's examination by medical personnel. *See Brower v. County of Inyo,* 489 U.S. 593, 599, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989) (allegedly unconstitutional conduct must be the proximate cause of injury to trigger liability under 42 U.S.C. § 1983).

AFFIRMED.